UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

ALONSO RAMIREZ HERNANDEZ and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiffs,

v.

THE STEEL WORLD CORP.,
JOSE L. VILLELA,
and ONEL HERNANDEZ,

    Defendants.
_____/

CASE NO: 1:18-cv-24930-FAM

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, The Steel World Corp. ("Steel World"), Jose L Villela, and Onel Hernandez (together, the "Defendants") file their Answer and Affirmative Defenses to Plaintiff, Alonso Ramirez Hernandez's, Complaint **[ECF No. 1]** as follows:

1. Admitted that Plaintiff brings this action under the Fair Labor Standards Act 29 U.S.C. §§ 201-216, but Defendants deny that Plaintiff states or has grounds for any valid claims, and/or that Plaintiff is entitled to any relief whatsoever.

2. Defendants are without sufficient knowledge to either admit or deny that Plaintiff was a resident of Miami-Dade County at the time of the alleged dispute, as the dispute arose after Plaintiff's for-cause employment termination.

3. Admitted that Defendants transact business within Miami-Dade County. Defendants admit that Plaintiff was employed by Steel World, but is unable to admit or deny the

1

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

remaining allegations in paragraph 3 of the Complaint insofar as they are vague and unintelligible.

4. Admitted that Jose Villela is a corporate officer and/or owner and/or manager of Steel World.  All other allegations are denied.

5. Admitted that Onel Hernandez is a corporate officer and/or owner and/or manager of Steel World. All other allegations are denied.

6. Denied.  Further Defendants deny that any "acts or omissions giving rise to a dispute" occurred at all.

7. Admitted, that Plaintiff brings his purported claim under the laws of the United States, and that it is purported to be a collective action under such laws.  Notwithstanding Plaintiff's alleged beliefs, Defendants deny they have employed any employees, including Plaintiff, who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly during the past three years, or at any time whatsoever.

8. Admitted that this Court has jurisdiction.

9. 29 U.S.C. § 207 speaks for itself, and, therefore, no response is necessary.  To the extent Plaintiff seeks by its quotation of the statute to allege or imply any wrongdoing on the part of Defendants, such allegations are denied.

10. Admitted.

11. Admitted.

12. Defendants admit that Steel World's business activities affected interstate commerce.  Defendants deny the remaining allegations in the Complaint, including that Steel World is an enterprise covered under the Fair Labor Standards Act.

13. Defendants admit that Steel World employed two or more employees who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate

2

commerce during the relevant time period.  Defendants deny the remaining allegations in the Complaint, including that Steel World is an enterprise covered under the Fair Labor Standards Act.

14. Denied.

15. Denied.

16. 29 C.F.R. §785.38 speaks for itself, and, therefore, no response is necessary.  To the extent Plaintiff seeks by its quotation of the regulation to allege or imply any wrongdoing on the part of Defendants, such allegations are denied.

17. Denied.

18. Denied.

19. Denied.

20. With regard to the "Wherefore" clause, including all relief-requested therein, Defendants deny that any grounds exist for any actual or doubled damages under the FLSA or otherwise, attorneys' fees, court or other costs, or interest.  Defendants further deny all captions, headings, titles, introductory paragraphs, and all allegations in the Complaint not specifically admitted in this Answer.

21. The above answers are based on the knowledge and information currently available to Defendants, and Defendants reserve the right to amend those answers based on facts later discovered, pleaded, or offered.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

All claims asserted in the Complaint are barred because Plaintiff has failed to state a claim upon which relief can be granted.

3

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

### Second Affirmative Defense

Plaintiff's overtime claims are barred to the extent that he did not work more than forty hours in a workweek, as demonstrated by Defendant's payroll records.

### Third Affirmative Defense

Plaintiff's claims are barred to the extent that he seeks to recover for time that is not compensable time, i.e., "hours worked" under the FLSA. Plaintiff is not entitled to compensation to and from a job site before or after he has clocked in to work.

### Fourth Affirmative Defense

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA, and Plaintiff never provided any notice (actual or constructive) that he considered his compensation from FIS to be in violation of the FLSA.

### Fifth Affirmative Defense

Any alleged acts or omissions by Defendants were undertaken or made in good faith and in conformity with, and reliance on, written administrative regulations, orders, rulings, or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor, other federal agencies, or the courts.

### Sixth Affirmative Defense

Plaintiff's damages claims are barred by the provisions of Section 11 of the Portal to Portal Act, 29 U.S.C. § 260, since any alleged violation of the FLSA was a good-faith omission to compensate Plaintiff in full accord with the law. Throughout the employment relationship, Defendants maintained an honest intention to compensate Plaintiff fully, with good grounds for believing that their acts or omissions did not violate the FLSA.

4

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

**Seventh Affirmative Defense**

Plaintiff's claims are barred by the provisions of Section 4 of the Portal to Portal Act, 29 U.S.C. § 254, with regard to all hours during which he was engaged in activities that were preliminary to or postliminary to his principal activities.

**Eighth Affirmative Defense**

Plaintiff is not entitled to recover any costs or attorneys' fees associated with this cause, as Defendants have complied with the requirements of the FLSA and Plaintiff's claims are moot.

**Ninth Affirmative Defense**

Plaintiff is not entitled to recover any damages associated with his allegations, as Steel Works does not meet the statutory threshold of annual sales exceeding $500,000.

**Tenth Affirmative Defense**

Plaintiff's claims are barred to the extent that Defendants did not suffer or permit Plaintiff to work overtime hours.

**Eleventh Affirmative Defense**

Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff for periods in which Plaintiff was not engaged in work.

**Twelfth Affirmative Defense**

Defendants assert the defense of acquiescence and/or ratification.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred by the provisions of Section 4 of the Portal to Portal Act, 29 U.S.C. § 254, with regard to all hours during which he was engaged in activities that were non-compensable, such as taking breaks and taking care of his own personal business.

5

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

### Fourteenth Affirmative Defense

Plaintiff's overtime claims are barred to the extent they constitute violation of the due process and equal protection clauses of the United States Constitution, and to the extent they could constitute an unconstitutional taking.

### CLAIM FOR ATTORNEYS' FEES

Defendants have retained the law firm of Perlman, Bajandas, Yevoli & Albright, P.L. and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. §1927 and 42 U.S.C. §12205, and applicable law, Defendants are entitled to recover attorneys' fees and costs incurred in this action.

### RESERVATION OF RIGHTS

The above affirmative defenses are based on the facts and information currently known to Defendants. Defendants reserve the right to amend or add defenses or affirmative defenses based on facts later discovered, pleaded, or offered.

**WHEREFORE**, Defendants request that the Complaint be dismissed with prejudice and that Defendants be awarded their costs and attorneys' fees incurred in defending this action and any such other relief as this Court deems just and proper.

Dated December 26, 2018.                    Respectfully submitted,

*/s/ D. Porpoise Evans*
D. Porpoise Evans (FBN 0576883)
PERLMAN, BAJANDAS,
YEVOLI & ALBRIGHT, P.L.
283 Catalonia Ave,
Coral Gables, FL 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Attorneys for Defendants*

6

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 • (954) 566-7117
283 Catalonia Avenue, Suite 200, Coral Gables, Florida 33134 • (305) 377-0086

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 26, 2018, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

                                          */s/ D. Porpoise Evans*
                                          D. Porpoise Evans (FBN 0576883)

**SERVICE LIST**
J.H. Zidell, Esq.
**J.H. Zidell, P.A.**
300 71st Street, Suite 605
Miami Beach, FL  33141
Phone: 305-865-6766
Fax: 305-865-7167
E-mail: zabogado@aol.com
*Attorneys for Plaintiff*